Steven John Moser (SM1133)
STEVEN J. MOSER, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com
Our File No.:14-0110

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAN ARIAS, individually and on behalf of all others similarly situated, | Case No.: 15-cv-3320 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| -*against*- | |
| QUALITY LINEALS USA, INC., NORTHEAST WINDOWS USA, INC., JEFFREY KAISERMAN, and STEVEN KAISERMAN, | |
| Defendants. | |

Plaintiff Adan Arias, by his attorney, Steven J. Moser P.C., individually and on behalf of all others similarly situated, hereby files this complaint against Quality Lineals USA, Inc., Northeast Windows USA, Inc., Jeffrey Kaiserman, and Steven Kaiserman (collectively referenced hereinafter as "Quality Lineals"), and alleges as follows:

INTRODUCTION

1.     This action is brought individually to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and to recover unpaid straight and overtime wages under the New York Labor Law.

2.     This action is also brought individually and as a class action under Rule 23 to remedy delayed wage violations and wage notice violations of the New York Labor Law ("NYLL").

1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

### *Plaintiff*

5.     Plaintiff Adan Arias is a natural person who resides in Nassau County, New York.

### *The Quality Lineals Enterprise*

6.     Defendant Quality Lineals USA, Inc. ("Quality Lineals") is a domestic corporation formed under the laws of the State of New York with a principle executive office at 1 Kees Place in Merrick, New York.

7.     Defendant NorthEast Windows USA, Inc. ("Northeast") is a domestic corporation formed under the laws of the State of New York with a principal executive office at 1 Kees Place in Merrick, New York.

8.     Upon information and belief, Quality Lineals USA, Inc. maintains a factory address at 105 Bennington Avenue in Freeport, New York.

9.     Upon information and belief, Northeast maintains a factory address at 1 Kees Place in Merrick, New York.

10. Quality Lineals and Northeast (collectively the "Quality Lineals Enterprise") (1) operate as a single unit, (2) share personnel, (3) share corporate offices, (4) share facilities, and (5) are commonly managed and owned. The Quality Lineals corporate entities are otherwise affiliated and are so intertwined that they constitute a single employer.

*Jeffrey Kaiserman*

11. Defendant Jeffrey Kaiserman is a natural person whose residence is unknown.

12. Upon information and belief, Defendant Jeffrey Kaiserman owns, operates, and is registered as the Chief Executive Officer of both Quality Lineals USA, Inc. and Northeast.

13. Upon information and belief, Jeffrey Kaiserman is the President of Quality Lineals USA, Inc.

14. Upon information and belief, Jeffrey Kaiserman is the President of Northeast.

15. Upon information and belief, Defendant Jeffrey Kaiserman had the power to hire and fire the Plaintiff, supervised and controlled the work schedules and conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

16. Upon information and belief, Defendant Jeffrey Kaiserman exercised sufficient operational control over the Quality Lineals Enterprise to be deemed Plaintiff's employer.

*Steven Kaiserman*

17. Defendant Steven Kaiserman is a natural person whose residence is unknown.

18. Upon information and belief, Defendant Steven Kaiserman is a shareholder of Quality Lineals USA, Inc.

19. Upon information and belief, Defendant Steven Kaiserman is a shareholder of Northeast.

20. Upon information and belief, Defendant Steven Kaiserman had the power to hire and fire the Plaintiff, supervised and controlled the work schedules and conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

21. Upon information and belief, Defendant Jeffrey Kaiserman exercised sufficient operational control over the Quality Lineals Enterprise to be deemed Plaintiff's employer.

## CLASS ACTION ALLEGATIONS

22. The Plaintiff brings the First and Second Causes of Action under Rule 23 of the Federal Rules of Civil Procedure.

23. The Plaintiff brings the first and second causes of action on behalf of himself and a class consisting of all manual laborers who have been employed by the Quality Lineals enterprise (as defined herein) in the State of New York for the six year period prior to the filing of this complaint and up to the date of final judgment in this matter ("the New York Class").

24. Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

25. The members of the New York Class are so numerous that joinder of all members is impracticable.

26. Upon information and belief, the size of the New York Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

27. Common questions of law and fact exist as to the class that predominate over any questions only affecting class members individually and include, but are not limited to, the following:

    (a) whether Defendants were required to pay all class members no later than 7 calendar days after the workweek in which wages were earned;

    (b) whether Defendants failed to promptly pay wages pursuant to NYLL § 191.

    (c) whether Defendants failed to provide wage notices as required by NYLL § 195; and

    (d) the nature and extent of class-wide injury and the measure of damages for those injuries.

28. The claims of the Plaintiff are typical of the class-wide claims. The Plaintiff and all of the class members work, or have worked, for Defendants as manual workers in the State of New York. The Plaintiffs and the class members enjoy the same statutory rights under the NYLL, to be paid on a weekly basis and to be provided with wage notices. The Plaintiff and the class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

29. The Plaintiff will fairly and adequately represent and protect the interests of the members of the class. The Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. The Plaintiff recognizes that any resolution of a class action must

be in the best interest of the class.  The Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.  The Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiff and the class members.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

31.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

32.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) in that the Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

33.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would

create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## THE LAW

### *Statute of Limitations*

34. The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions. However, when the "cause of action arises out of a willful violation," the limitations period is three years from the date on which the claim accrues. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999).

35. "In order to conclude that the defendants' violations of FLSA were willful, the Court must find that the defendants either knew or showed reckless disregard for whether their conduct was unlawful under FLSA." *RSR Sec. Servs.*, 172 F.3d at 141(quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988)).

36. An action under the New York Labor Law must be commenced within 6 years. NYLL § 198(3).

### *Time and Pay Records*

37. An employer must "make, keep, and preserve" accurate records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c).

38. An employer must "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked," *inter alia*, hours worked, rate of pay, allowances, and deductions. NYLL § 195(4).

*Straight Wages*

39. "[T]he NYLL fully compensates a plaintiff for all unpaid straight-time wages." *Shim v. Millennium Group,* 2009 U.S. Dist. LEXIS 124107, 4 (E.D.N.Y. Oct. 2, 2009)(citing NYLL § 191); see also *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 187, 203 (E.D.N.Y. 2013)(awarding straight wages for unpaid travel time).

40. "It is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. . . . The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13.

41. "Work not requested but suffered or permitted...[where t]he employer knows or has reason to believe that [an employee] is continuing to work...is working time." 29 C.F.R. § 785.11.

42. "Time spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the provisions of the [FLSA]." *F.W. Stock & Sons, Inc. v. Thompson*, 194 F.2d 493, 496-97 (6th Cir. 1952).

*Delayed Pay for Manual Workers*

43. A manual worker is defined as a laborer who works for another for hire and spends more than 25 percent of his working time performing physical labor.. *See* NYLL § 190; *People ex rel. Gianotti v Bloom*, 7 Misc. 2d 1077, 1078 (City Ct 1957); NY Dep't of Labor Counsel Opinion Letter RO090121, Dec. 11, 2009.

44. Pursuant to NYLL § 191, "a manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

45. An employee is entitled to liquidated damages when an employer has failed to pay timely wages, including wages improperly paid under NYLL § 191. *See Belizaire v. Rav Investigative & Sec. Servs.*, 2014 U.S. Dist. LEXIS 164459, 53 (S.D.N.Y. Oct. 16, 2014)(awarding plaintiff compensatory and liquidated damages for wages that were delayed ); *Urtubia v. B.A. Victory Corp.*, 857 F Supp. 2d 476, 485 (S.D.N.Y. 2012)(denying Defendant's motion to dismiss with respect to Plaintiffs' claims that they were not paid on a weekly basis in violation of NYLL § 191); *Bynog v. Cipriani Group, Inc.*, 298 A.D.2d 164, 165, 748 N.Y.S.2d 9 (N.Y. App. Div. 2002)(reversing trial court's grant of summary judgment and allowing waiters to pursue claims that they were not paid on a weekly basis in violation of NYLL § 191);*Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir. 1943)(holding that late wages are considered to be a form of unpaid wages and thus awarding plaintiff damages for the loss of time value for the sums delayed);

*Wage Notices*

46. An employer must provide an employee at the time of hiring with a notice listing, *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information. NYLL § 195.

47. For each week in which the employee does not receive the required wage notice, the employee may recover $50, up to a total of $2,500.00, as well as costs and attorney's fees. NYLL § 198(1-b).

*Damages*

48. Any employer who fails to provide adequate compensation shall be liable to the employee for the unpaid wages, liquidated damages, reasonable attorney's fees, and costs. 29 U.S.C. § 216(b); NYLL § 198(1-a).

9

49. NYLL § 198(1-a) also provides that an employee has the right to recover prejudgment interest. NYLL § 198(1-a). *See Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 187, 206 (E.D.N.Y. 2013).

## FACTUAL ALLEGATIONS

50. At all relevant times, each Defendant was an employer as defined under the FLSA and NYLL.

51. At all relevant times, upon information and belief, the Quality Lineals Enterprise was an enterprise engaged in commerce as defined in the FLSA. 29 U.S.C. §§ 201 *et seq*.

52. At all relevant times, employees of Quality Lineals were involved in interstate commerce as defined in the FLSA. 29 U.S.C. § 203(r); 29 C.F.R. § 779.103; *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 465 (S.D.N.Y. 2006); *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007).

53. At all relevant times, Mr. Arias was an employee of and employed by the Defendants under the FLSA and NYLL.

*Defendants' Policies*

54. At all relevant times, Mr. Arias and the New York Class members were manual workers as defined under NYLL.

55. As manual workers, Mr. Arias and the New York Class were entitled to be paid on a weekly basis.

56. During the years 2007 and 2008, the Defendants paid Mr. Arias and the New York Class on a weekly basis.

57. In early 2009, the Defendants began paying the Plaintiff and the New York Class on a biweekly basis.

58.   The Defendants' biweekly payroll policy was in effect during 2010.

59.   The Defendants' biweekly payroll policy was in effect during 2011.

60.   The Defendants' biweekly payroll policy was in effect during 2012.

61.   The Defendants' biweekly payroll policy was in effect during 2013.

62.   The Defendants' biweekly payroll policy was in effect during 2014.

63.   Under the biweekly pay policy, the first week of wages included in the pay period was paid more than seven calendar days after the end in which the wages were earned.

64.   The Plaintiff and members of the New York Class have been employed at times since the passage of the Wage Theft Prevention Act.

65.   The Plaintiff and members of the New York Class have not received a copy of a wage notice that complies with NYLL § 195.

*Individual Factual Allegations*

66.   Mr. Arias was employed by Defendants from October 13, 1992 to May 30, 2014. His scheduled hours were from 3:30PM to 11:30PM, Monday through Friday.

67.   Some of Mr. Arias' duties were to receive and package materials, clean the surrounding premises, clear jammed PVC materials from the grinder, and operate the recycling and forklift machines.

68.   Although Mr. Arias' official start time was 3:30PM, he regularly started working at least twenty minutes prior.

69.   The Defendants knew or should have known that Mr. Arias frequently started working at least twenty minutes prior to his official start time. The Defendants never instructed Mr. Arias against or prohibited him from beginning work at least twenty minutes prior to his official start time.

70. Mr. Arias was not compensated for at least twenty minutes of work each day.

71. As a result, for the week of April 7, 2008 and all weeks subsequent, Mr. Arias was not compensated for approximately one hour and forty minutes of work each week.

72. At times during Mr. Arias' employment, the failure to pay for all hours worked resulted in the failure to pay straight wages.

73. For example, during the week ending April 27, 2014 the plaintiff was not paid all straight wages to which he was entitled.

74. At other times during Mr. Arias' employment, the failure to pay for all hours worked resulted in the failure to pay overtime wages.

75. For example, during the biweekly pay period ending May 25, 2014, Mr. Arias worked at least 19 hours and 20 minutes of overtime, but was only compensated for precisely 16 hours of overtime.

## FIRST COUNT

### Delayed Wages Under NYLL § 191

76. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

77. The Plaintiff and the New York Class were manual workers as defined by NYLL.

78. The Plaintiff and the New York Class were the payment of wages no later than seven days after the last day of the week in which the wages were earned.

79. Defendants willfully failed to pay the Plaintiff and the New York Class timely wages as required by NYLL.

80. The Plaintiff and each member of the New York Class is entitled to liquidated damages in the amount of the wages for each week in which pay was delayed, in addition to reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND COUNT

Wage Notice Violations under NYLL § 195 and 198

81. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

82. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains, *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

83. Defendants failed to provide the wage notice to the Plaintiff and the New York Class as required by NYLL § 195(1)(a).

84. Plaintiff and each member of the New York Class is entitled to recover damages of $50.00 for each workweek that the violation occurred, up to $2,500.00.

## THIRD COUNT

Overtime Wages under the Fair Labor Standards Act

29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)

85. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

86. Defendants were required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

87. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

88. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

89. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs.

## FOURTH COUNT

Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq.

(NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations § 142-2.2)

90. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

91. Defendants are required to pay Plaintiff a rate of one and one half his regular rate of pay for all hours in excess of forty (40) hours in a workweek.

92. Defendants failed to compensate the Plaintiff overtime wages to which he was entitled.

93. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## FIFTH COUNT

On Behalf of Named Plaintiff and New York Class

Straight Wages Under NYLL § 191

94. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

95. Defendants are required to pay Plaintiff for all hours worked up to forty (40) hours in a workweek.

96. Defendants willfully deprived the Plaintiff of straight wages to which he was entitled.

97. Plaintiff is entitled to recover unpaid straight wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

(Left blank)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Compensatory Damages for failure to timely pay wages in the amount of the wages delayed in violation of NYLL § 191;

B. Civil damages in the amount of $50 per week for each violation of the notice provisions of NYLL § 195, up to a total of $2,500; Unpaid overtime wages;

C. Unpaid straight wages

D. Liquidated damages under the NYLL;

E. Liquidated damages under the FLSA:

F. An injunction requiring Defendants cease the unlawful activity described herein pursuant to the NYLL;

G. Reasonable attorney's fees and costs of the action;

H. Prejudgment interest; and

I. Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
June 8, 2015

Respectfully submitted,
STEVEN J. MOSER, P.C.

/s/
By: Steven John Moser (SM1133)
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*